Case 2:05-cr-00138-MHT-TFM   Document 101   Filed 06/12/06   Page 1 of 5

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Middle District of Alabama

UNITED STATES OF AMERICA

    v.                                          Case Number 2:05-CR-138-LSC

JOEL THOUSSAINT                           USM Number  11885-002
    Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

    The defendant, JOEL THOUSSAINT, was represented by Jeffery C. Duffey.

    On motion of the United States, the court has dismissed counts 74 and 85 with prejudice.

    The defendant pleaded guilty to count 73.  Accordingly, the defendant is adjudged guilty of the following count, involving the indicated offense:

| Title & Section | Nature of Offense | Offense Ended | Count Number |
|---|---|---|---|
| 18 USC § 2314 | Transportation of Counterfeited Securities | 2/7/2005 | 73 |

    As pronounced on June 8, 2006, the defendant is sentenced as provided in pages 2 through 5 of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

    It is ordered that the defendant shall pay to the United States a special assessment of $100.00, for count 73, which shall be due immediately, payable to the Clerk, U.S. District Court, Middle District of Alabama, P.O. Box 711, Montgomery, AL 36104.

    It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

    Done this 12th day of June 2006.

                                                     L. SCOTT COOGLER
                                         UNITED STATES DISTRICT JUDGE
                                                   124019

Case 2:05-cr-00138-MHT-TFM   Document 101   Filed 06/12/06   Page 2 of 5

A 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 4 - Probation

Judgment--Page 2 of 5

Defendant:  JOEL THOUSSAINT
Case Number:  2:05-CR-138-LSC

## PROBATION

The defendant is hereby placed on probation for a term of 36 months.  The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of probation.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

✔ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

✔ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

A 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Continuation of Standard Conditions of Probation

Judgment--Page 3 of 5

Defendant:  JOEL THOUSSAINT
Case Number: 2:05-CR-138-LSC

**CONTINUATION OF STANDARD CONDITIONS OF PROBATION**

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 2:05-cr-00138-MHT-TFM   Document 101   Filed 06/12/06   Page 4 of 5

A 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 4 (cont'd) - Probation

Judgment--Page 4 of 5

Defendant:  JOEL THOUSSAINT
Case Number: 2:05-CR-138-LSC

**SPECIAL CONDITIONS OF PROBATION**

While the defendant is on probation pursuant to this Judgment:

1) The defendant shall not incur any new debts (other than normal debts for utilities and rental expenses, or mortgage payments) or open any new lines of credit without permission of the probation officer unless the defendant is in compliance with the payment of any monetary obligations ordered.
2) The defendant shall provide the probation officer any requested financial information.
3) The defendant shall cooperate with the collection of DNA.
4) The defendant shall submit to a search of his person, residence, office, or vehicle pursuant to the search policy of this court.

Case 2:05-cr-00138-MHT-TFM   Document 101   Filed 06/12/06   Page 5 of 5

A 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 6 - Restitution and Forfeiture

Judgment--Page 5 of 5

Defendant:  JOEL THOUSSAINT
Case Number:  CR 2:05-CR-138-LSC

## RESTITUTION AND FORFEITURE

### RESTITUTION

The court, pursuant to the Victim and Witness Restitution Act, finds that the following is the victim of defendant's criminal conduct and has sustained loss in the indicated amounts and orders restitution by the defendant as follows:

| **Name & address of payee(s)** | **Amount** |
| --- | --- |
| Winn Dixie Corporation<br>Attn: Melissa Walker, through United Compucred<br>P.O. Box 111100<br>Cincinnati, Ohio 45211 | $6,136.61 |

Payments of restitution (interest waived) are to be made to Clerk, U. S. District Court, for transfer to the payee.

Restitution is due and payable immediately.  Any balance remaining at the start of supervision shall be paid at the rate of not less than $75.00 per month.

If there are multiple payees, any payment not made directly to a payee shall be divided proportionately among the payees named unless otherwise specified here: